**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM H. DOURLAIN,**

**5:06-CV-424**
                              **Plaintiff,**        **(NAM/DEP)**
        **vs.**

**UNITED STATES/INTERNAL**
**REVENUE SERVICE,**

                    **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

William H. Dourlain
Plaintiff, _Pro se_

United States Department of Justice          Lisa L. Bellamy,
P.O. Box 55                                  Trial Attorney, Tax Division
Washington, D.C. 20044
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

        In the amended complaint, Dkt. No. 23, plaintiff _pro se_ William Dourlain alleges that

defendant Internal Revenue Service ("IRS") seized his wages unlawfully.  Plaintiff seeks civil

damages against the IRS.   Presently before the Court is the IRS's motion for summary judgment,

or alternatively, to dismiss for failure to state a claim upon which relief may be granted.

**II.     Complaint**

        According to the amended complaint, Dkt. No. 23, on or about July 18, 2005, the IRS sent

plaintiff's employer a "Notice of Levy" to garnish plaintiff's pay in order to satisfy plaintiff's

alleged tax liability.  In August 2005, the IRS levied plaintiff's pay.  In September 2005, plaintiff

submitted an administrative claim in which he argued that the notice of levy violated the law.

The amended complaint contains nine causes of action. First, plaintiff contends that 26 U.S.C. § 7608 is the only section which authorizes the IRS to seize property, and under this provision, plaintiff asserts, his property is not subject to forfeiture. Second, plaintiff asserts that the IRS failed to provide a "notice of seizure" in violation of 26 U.S.C. § 6502(b). Third, plaintiff claims that "he is not the one a levy can be made on" because he is not listed in 26 U.S.C. § 6331(a). Fourth, plaintiff asserts that even assuming the levy was legal, the amount seized exceeds the statutory maximum of 15 percent under 26 U.S.C. § 6331(h). Fifth, plaintiff argues that the IRS failed to issue the requisite "Notice and Demand" prior to imposing a levy, in violation of 26 U.S.C. §§ 6303 and 6331(a). Sixth, plaintiff contends that the IRS violated 26 U.S.C. §§ 6201 and 6203 by commencing a collection action without an assessment. Seventh, plaintiff argues that the IRS violated 26 U.S.C. § 6001 by collecting a penalty based on a non-existent regulation. Eighth, plaintiff asserts that "no valid return or deficiency exists to derive the numbers shown in the 'Notice of Levy'", thus, plaintiff contends, the IRS violated 26 U.S.C. §§ 6020, 6061, 6065, and 6212. Finally, plaintiff claims that the IRS issued the levy without writ or court order, in violation of the Fourth Amendment. As a result, plaintiff seeks $15,000 in damages pursuant to 26 U.S.C. § 7433.

**III.    DISCUSSION**

Although the IRS entitles its moving papers "Motion for Summary Judgment" and, alternatively, asserts that the amended complaint fails to state a claim upon which relief may be granted, it states in a footnote:

> With the exception of responding to the plaintiff's claim that the Internal Revenue
> Service failed to provide notice of the assessments, which is a prerequisite to the

> creation of a lien, the government's motion and this memorandum are addressed to the legal insufficiency of the plaintiff's claims and properly fall within the scope of Rule 12(b)(6). Because we go outside the pleadings to establish the giving of the notice and demand in accordance with Section 6303 of the Internal Revenue Code, the motion is presented as a motion for summary judgment.

Def's Mem. of Law, p. 3, n.3. Only the fifth cause of action relates to § 6303. The IRS, however, has relied on evidence in support of its motion to dismiss the second, sixth, and seventh causes of action. Rule 12(d) provides that: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The nature of the government's papers appears to have impressed plaintiff as being a motion for summary judgment dismissing the entire amended complaint. However, in view of plaintiff's *pro se* status, and because the IRS specifically noted that the only cause of action for which it was seeking summary judgment was the fifth cause of action, the Court will treat the IRS's motion as one for judgment on the pleadings pursuant to Rule 12(c)[1] on the other causes of action. Accordingly, except where discussed, the Court does not consider any evidence outside the amended complaint in connection with the IRS's motion for judgment on the pleadings.

### A.     Motion to Dismiss

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Id.* On a motion to dismiss pursuant

---

[1] Since defendant filed its motion to dismiss after filing its answer, the Court construes it as a motion for judgment on the pleadings pursuant to Rule 12(c). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (holding that "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).") (internal footnote omitted).

to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Citations omitted.*, 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007).  It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").  Finally, the Court must consider a *pro se* complaint liberally.  *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005).

## 1.     First Cause of Action - 26 U.S.C. § 7608

In his first cause of action, plaintiff claims that 26 U.S.C. § 7608 is the only provision which authorizes the IRS to seize property.  Plaintiff further asserts that because this matter does not involve a criminal investigation and his property is not subject to forfeiture, the IRS had no authority to levy his pay.  Section 7608, however, relates to the authority IRS officers have to enforce liquor, tobacco, and firearms laws.  Thus, § 7608 has no bearing on this action.  Moreover,

as indicated in the Notice of Levy dated July 18, 2005,[2] in this case, the IRS levied plaintiff's pay under § 6331, which specifically authorizes the IRS to collect unpaid federal income taxes by levy. *See* 26 U.S.C. § 6331(a) ("If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."). Accordingly, the IRS's motion for judgment on the pleadings with respect to the first cause of action is granted.

### 2.    Second Cause of Action - 26 U.S.C. §§ 6502 and 6335

In the second cause of action, plaintiff claims that the IRS failed to issue a "Notice of Seizure" as required by 26 U.S.C. §§ 6502(b) and 6335(a) when it "seized (levied)" his pay. Second Am. Compl., p.3, ¶2. Thus, plaintiff asserts, he is entitled to damages pursuant to § 7433. The IRS moves to dismiss this cause of action on the ground that once it issued the July 18, 2005, Notice of Levy to plaintiff's employer, it was not required to provide plaintiff with a "Notice of Seizure".

Section 6502 addresses "Collection after assessment" and provides that "[t]he date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given." 26 U.S.C. § 6502(b). Section 6335 sets forth the procedure for the "Sale of seized property" and states "[as soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the

---

[2]Plaintiff incorporates this document by reference in the amended complaint, *see* Am. Compl., p.2. Although plaintiff referred to this document as "Exhibit 1" in the amended complaint, it was not attached. Plaintiff, however, included this exhibit with his response papers to the IRS's motion. Thus, because plaintiff specifically referred to this document in the pleading, the Court may consider it in connection with the motion to dismiss. *See Kramer*, 937 F.2d at 773.

case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made." 26 U.S.C. § 6335(a). "In the case of tangible property, levy is made by physical seizure and notice thereof. In the case of intangible property, a levy is made for all purposes . . . by serving a notice of levy . . . ." *United States v. Donahue Indus.*, 905 F.2d 1325, 1330 (9th Cir. 1990).

In this case, the IRS levied plaintiff's wages, which are intangible property that can not be seized or sold. Thus, the IRS effected the levy upon service of the Notice of Levy and no notice of seizure was required.[3] *See CPS Electric, Ltd. v. United States*, 200 F.Supp.2d 120, 124 (N.D.N.Y. 2002) (finding that because the levy at issue involved intangible property, the levy was made upon service of the Notice of Levy, and the IRS was not required to serve a Notice of Levy followed by a Notice of Seizure). Accordingly, plaintiff's second cause of action fails to state a claim upon which relief can be granted.

### 3.     Third Cause of Action - 26 U.S.C. § 6331

Plaintiff asserts in his third cause of action that "he is not the one a levy can be made on" because he is not a government employee listed in § 6331(a). The government moves to dismiss this claim on the ground that, as a matter of law, the IRS can levy the wages of any person who is liable for, but has failed to pay, income tax.

According to plaintiff, § 6331 only permits the imposition of a levy upon "the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer". 26 U.S.C. § 6331(a). Plaintiff, however, selectively

---

[3]There is no allegation that plaintiff did not receive the Notice of Levy in this case.

reads § 6331, which also provides that "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person".  26 U.S.C. § 6331(a).  Thus, the IRS did not violate § 6331(a) by issuing a Notice of Levy to plaintiff, who is not a government employee.  *See e.g. Berg v. Yellow Transp*., *Inc.*, 105CV1289, 2006 WL 533746, at *4 (N.D.N.Y. Mar. 3, 2006) (rejecting the plaintiff's argument that "wage levies are only applicable to certain federal personnel" and granting judgment on the pleadings explaining that § 6331 "does not limit the levy to property solely owned by federal employees").  Accordingly, the IRS's motion for judgment on the pleadings dismissing the third cause of action is granted.

      **4.**      **Fourth Cause of Action - 26 U.S.C. § 6331**

The fourth cause of action alleges that the amount the IRS levied from plaintiff's pay

exceeded the 15 percent authorized by § 6331(h).[4]  The government contends that § 6334(d)[5],

[4]Section 6331(h) provides:

> (h) Continuing levy on certain payments.--
> (1) In general.--If the Secretary approves a levy under this subsection, the effect of a levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.

(2) Specified payment.--For the purposes of paragraph (1), the term "specified payment" means--
(A) any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee,
(B) any payment described in paragraph (4), (7), (9), or (11) of section 6334(a), and
(C) any annuity or pension payment under the Railroad Retirement Act or benefit under the Railroad Unemployment Insurance Act.

(3) Increase in levy for certain payments.--Paragraph (1) shall be applied by substituting "100 percent" for "15 percent" in the case of any specified payment due to a vendor of goods or services sold or leased to the Federal Government.

[5] Section 6334(d) provides:

d) Exempt amount of wages, salary, or other income.--
(1) Individuals on weekly basis.--In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a)(9) shall be the exempt amount.

(2) Exempt amount.--For purposes of paragraph (1), the term "exempt amount" means an amount equal to--
(A) the sum of--
> (i) the standard deduction, and
> (ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs, divided by
(B) 52.

Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.--In the case of any individual not described in paragraph (1), the amount of the wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a)(9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary, and other income on a regular weekly basis.

which defines the amount of wages that are exempt from levy, applies in this case, not § 6331(h), which governs levies on "specified payments."  Indeed, nothing in the fourth cause of action suggests that § 6331(h) applies in this case, therefore the fourth cause of action fails to state a claim upon which relief can be granted.  Accordingly, the IRS's motion for judgment on the pleadings as to the fourth cause of action is granted.

### 5.    Sixth Cause of Action - 26 U.S.C. §§ 6201 and 6203

In the sixth cause of action, plaintiff alleges that "no assessment exists for a type of tax as seen in the 'Notice of Levy'" and that the IRS, therefore, violated 26 U.S.C. §§ 6201 and 6203 "for a collection action without a legal assessment".  Second Am. Compl., p. 4, ¶6.  The IRS interprets plaintiff's complaint "to mean that he takes exception to the '1040A' tax listed in the Type of Tax column in the Notice of Levy sent to his employer" and asserts that it had the right to assess this tax pursuant to § 6201(a)(1).

Even construed liberally, the Court finds the sixth cause of action fails to state a claim upon which relief can be granted.  At its core, plaintiff's argument with respect to this cause of action is that neither the governing statute or regulations authorize the IRS to assess and collect taxes.  *See* Plaintiff's Mem. of Law in Opposition, p. 11.  However, there is "no question but that Congress has the constitutional authority to impose an income tax. " *United States v. Carley*, 783 F.2d 341, 344 (2d Cir. 1986)).  Moreover, § 6201 authorizes and requires the IRS to "make the inquiries, determinations, and assessments of all taxes."  26 U.S.C. § 6201(a).  Thus, the sixth cause of action fails to state a claim upon which relief can be granted.

### 6.    Seventh Cause of Action - 26 U.S.C. § 6702

In the seventh cause of action, plaintiff asserts that "26 USC 6702 (seen in the Notice of

Levy as CIVPEN) regulation DOES NOT EXIST and the plaintiff can not be liable for a penalty that has no regulations."  Second Am. Compl., p.4 ¶ 7.  The IRS moves for judgment on the pleadings with respect to this claim asserting that the IRS's statutory authority to assess a penalty is well settled.  Indeed, 26 U.S.C. § 6702(a),[6] which governs "Civil penalty for frivolous tax returns" states that "A person shall pay a penalty . . . if . . . such person files" a frivolous tax return. Thus, plaintiff's claim is without merit.  *See e.g.*, *Hoffman v. United States*, 209 F.Supp.2d 1089, 1094 (W.D.Wash. 2002) (rejecting the plaintiff's contention that "no Treasury Department regulation requires that plaintiff pay the penalties at issue and defendant has not produced any such regulation. 26 U.S.C. § 6702(a) provides the statutory authority for assessing the penalty."). Accordingly, the IRS's motion for judgment on the pleadings with respect to the seventh cause of action is granted.

**7.    Eighth Cause of Action - 26 U.S.C. §§ 6020, 6061, 6065, and 6212**

In the eighth cause of action, plaintiff alleges "that no valid return or deficiency exists to derive numbers shown in the 'Notice of Levy'" in violation of 26 U.S.C. §§ 6020, 6061, 6065, and 6212 and seeks damages pursuant to 26 U.S.C. § 7433.  The IRS moves for judgment on the pleadings with respect to this claim.  Section 7433, however, "provides a remedy for improper

---

[6] Section 6702(a) provides:

(a) Civil penalty for frivolous tax returns.--A person shall pay a penalty of $5,000 if–
(1) Such person files what purports to be a return of a tax imposed by this title but which--
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
(2) the conduct referred to in paragraph (1)--
(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
(B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702(a).

collection of federal taxes only where an employee of the IRS recklessly or intentionally disregards a statute or regulation." *Hynard v. Internal Revenue Service*, 233 F.Supp.2d 502, 510 (S.D.N.Y. 2002) (citing *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994)). Even viewed liberally, the amended complaint contains no such allegation in this case. Additionally, § 7433 applies to the collection process, not the merits of an assessment. *Id.* (§ 7433 "cannot be used to challenge improper assessment of taxes."). Accordingly, the IRS's motion for judgment on the pleadings on the eighth cause of action is granted.

### 8.    Ninth Cause of Action - Fourth Amendment

In the ninth cause of action, plaintiff alleges that "this levy (seizure) has violated his 4th Amendment Right due to the fact that no writ or court orders accompanied the seizure." Second Am. Compl., p.5, ¶9. There is, however, "no requirement that the IRS or the United States obtain a court order before it can assess a tax, file a notice of federal tax levy, or begin collection actions, unless they are imposing a levy on a personal residence or entering private property for the purposes of collecting taxes." *Gavigan v. Commissioner of the I.R.S.*, 3:06-CV-942, 2007 WL 1238651, at *9 (D.Conn. Apr. 27, 2007); *see also Celauro v. United States, I.R.S.*, 411 F.Supp.2d 257, 266 (E.D.N.Y. 2006) (holding that "26 U.S.C. § 6331 is clear on its face that the IRS is statutorily permitted without a court order to collect delinquent taxes from taxpayers by placing a 'levy upon all property and rights to property'"). Accordingly, the IRS's motion for judgment on the pleadings with respect to the ninth cause of action is granted.

### B.    Motion for Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See id*. The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id*. at 325. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See* Fed. R. Civ. P. 56(e). A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

In the fifth cause of action, plaintiff alleges that the IRS failed to send him a "Notice and Demand" pursuant to 26 U.S.C. § 6303 before it levied his wages in connection with: (1) the income tax the IRS assessed for 1998; and (2) the frivolous return penalty it imposed on November 19, 2001.

Section 6303 states in relevant part:

> Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

12

26 U.S.C. § 6303(a).

In support of its motion for summary judgment on this claim, the IRS submitted certified records demonstrating that the IRS issued a "Statutory Notice of Balance Due" with respect to the income tax for the period ending December 31, 1998, on August 13, 2001, the date it assessed the tax. The IRS also submitted certified records, Form 4340, showing that it issued a "Statutory Notice of Balance Due" with respect to the frivolous return penalty assessed on November 19, 2001, in connection with the period ending on December 31, 1999. *See* Def's Exs. A and B.

Plaintiff has adduced no evidence raising a question of fact on this claim. Plaintiff instead argues that these notices were unsigned and therefore fail to comply with § 6303. Form 4340, however, is presumptive evidence that the IRS complied with its statutory duties. *See Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (noting the "substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's assessment and notice of tax arrears"); *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made"); *Rand v. United States*, 818 F.Supp. 566, 572 (W.D.N.Y. 1993) (finding that "that the Certificates (Form 4340s), submitted by the government, show "presumptively correct tax assessments, which [presumption] the [plaintiff] failed to rebut.") (quoting *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)). Plaintiff has presented no evidence to rebut the presumption that the IRS complied in all respects with its statutory notice requirements. Accordingly, the IRS is entitled to summary judgment.

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

13

       **ORDERED** that defendant's **motion for judgment on the pleadings** with respect to the

**First, Second, Third, Fourth, Sixth, Seventh, Eighth, and Ninth** causes of action is **granted**;

and it is further

       **ORDERED** that defendant's **motion for summary judgment** dismissing the **Fifth** cause

of action is **granted**; and it is further

       **ORDERED** that the **amended complaint is dismissed.**

       **IT IS SO ORDERED.**


Date:  August 27, 2008                      
Norman A. Mordue
Chief United States District Court Judge